UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 24-cr-00093 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KEYNON FRAZIER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Keynon Frazier's ("Frazier") Motion to Dismiss the Indictment. See Record Document 35. The United States of America ("the Government") filed an opposition to the motion. See Record Document 40. Frazier did not file a reply. For the reasons assigned below, the Motion to Dismiss the Indictment is **DENIED**.

**BACKGROUND**

Frazier has two prior felony convictions in Caddo Parish, Louisiana for aggravated burglary and second degree robbery (convicted in 2014). See Record Document 40 at 2. On April 24, 2024, Frazier was indicted in this Court with one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). See Record Document 8. Frazier now moves to dismiss his single-count indictment, "as applied," violates his Second Amendment right to possess and use firearms. See Record Document 35 at 10. Additionally, he argues that Section 922(g)(1)'s prohibition against felons possessing firearms is not supported by any enumerated power granted to Congress in the Constitution and lies beyond the reach of the Commerce Clause. See id. As to this second argument, Frazier conceded that this claim is foreclosed by precedent. See id.

**LAW AND ANALYSIS**

**I.    Law.**

The Second Amendment to the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. However, it is well-established that, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." D.C. v. Heller, 554 U.S. 570, 626, 128 S. Ct. 2783, 2817 (2008). Thus, under the Supreme Court's most recent guidance in New York State Rifle & Pistol Association, Inc. v. Bruen, courts must engage in a two-step inquiry to determine whether a regulation placing restrictions on a party's Second Amendment rights is constitutional. 597 U.S. 1, 24, 142 S. Ct. 2111, 2129–30 (2022). First, a court must ask whether "the Second Amendment's plain text covers an individual's conduct." Id. If the Second Amendment does cover the individual's conduct, the court then must ask whether the government has satisfied its burden of showing "the regulation is consistent with this Nation's historical tradition of firearm regulation." Id. Only where the regulation is "consistent with the Second Amendment's text and historical understanding" can it pass constitutional muster. Id. at 26, 142 S. Ct. at 2131.

Recently, in U.S. v. Diaz, the Fifth Circuit analyzed both a facially and as-applied constitutional challenge to Section 922(g)(1) under Bruen. 116 F. 4th 458 (5th Cir. 2024).[1] The court began with the "as-applied challenge, because it is the 'narrower consideration.'" Id. at 467.[2] The court first noted that the plain text of the Second

---

[1] Since the filing of the defense motion on August 13, 2024, the Fifth Circuit issued its Diaz opinion on September 18, 2024.
[2] Diaz also made a facial challenge to Section 922(g)(1). "To sustain a facial challenge, 'the challenger must establish that no set of circumstances exists under which the statute would be valid.'" Diaz, 116 F.

2

Amendment covered the Section 922(g)(1)'s prohibited conduct.  See id.  Thus, the burden shifted "to the government to demonstrate that regulating Diaz's possession of a firearm [was] 'consistent with the Nation's historical tradition of firearm regulation.'"  Id.  "To satisfy this burden, the government must 'identify a well-established and representative historical *analogue*, not a historical *twin*.'"  Id.  The "[e]vidence must be 'relevantly similar' to the challenged law." Id. When a court assesses similarly, it should "consider 'whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified.'" Id.  Hence, to survive an as-applied challenge, the government must show that the Nation has a longstanding tradition of disarming someone with a criminal history – predicate offenses – analogous to that of the challenging defendant.  See id. The Fifth Circuit rejected Diaz's as-applied challenge because "laws authorizing severe punishments for thievery and permanent disarmament in other cases establish that our tradition of firearm regulation supports the application of § 922(g)(1) to Diaz."  Id. at 471.

**II.  Analysis.**

In his Motion to Dismiss the Indictment, Frazier challenges the validity of Section 922(g)(1) on two grounds:  the plain text of the Second Amendment and the Commerce Clause.  See Record Document 35 at 1.  Section 922(g)(1) states:

> (g)   It shall be unlawful for any person —
>
>   (1)   who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or

---

4th at 471.  The Fifth Circuit held that Diaz could not make such a showing because the statute was constitutional as applied to the facts of his own case.  See id. at 471-72.

> ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). Frazier argues that Section 922(g)(1) is unconstitutional as applied to him. See Record Document 35 at 5. He contends that the Government cannot meet its burden of establishing that Section 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation. See id. at 4. In response, the Government argues that felons such as Frazier can be dispossessed of firearms. See Record Document 40 at 10-20.

The first step of the Bruen analysis is satisfied here. The Fifth Circuit has held that "[t]he plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1);" thus, Frazier's conduct prohibited by Section 922(g)(1) is covered by the Second Amendment. Because the first step is satisfied, the Government has the burden to demonstrate that regulating Frazier's possession of a firearm is consistent with the Nation's historical tradition of firearm regulation.

Here, Frazier has prior felony convictions for aggravated burglary and second degree robbery. Under Louisiana law, aggravated burglary is defined as:

> Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, under any of the following circumstances:
>
>     (1)    If the offender is armed with a dangerous weapon.
>
>     (2)    If, after entering, the offender arms himself with a dangerous weapon.
>
>     (3)    If the offender commits a battery upon any person while in such place, or in entering or leaving such place.

LA. REV. STAT. § 14:60(A). Second degree robbery is defined as either of the following:

> (1) The taking of anything of value belonging to another from the person of another or that is in the immediate control of another when the offender intentionally inflicts serious bodily injury.
>
> (2) The taking of, or the recruiting of another person who takes, anything of value from a retail establishment that is in the immediate control of a retail employee or employer when a person acts in concert with three or more individuals for the purpose of either overwhelming the response of an employer, an employee, or law enforcement to carry out the offense, avoid detection or apprehension, or create a reasonable belief that a reasonable person would not intercede because of fear.

LA. REV. STAT. § 14:64.4(A).  Under step two of Bruen, the Government "must demonstrate that the Nation has a longstanding tradition of disarming someone with a criminal history analogous to this." Diaz, 116 F. 4th at 467.  This Court must focus on whether there is a historical analogue to Frazier's prior felony convictions for aggravated burglary and second degree robbery to support Section 922(g)(1)'s prohibition.  Frazier's prior convictions are felonies and would have historically led to capital punishment or estate forfeiture.  Thus, disarming Frazier fits within the tradition of serious and permanent punishment.  Additionally, the crimes Frazier committed are consistent with the Nation's historical tradition of firearm regulation.  Frazier's permanent disbarment of firearms is justified based upon serious crimes showing he may pose a risk of violence, upset the public order, or be a danger to the public.  Because there is a sufficient historical analogue, Frazier's indictment under Section 922(g)(1) is constitutional as applied to him.

Frazier concedes that his final argument – that Section 922(g)(1) exceeds Congress's power under the Commerce Clause – is foreclosed by the Fifth Circuit's decision in U.S. v. Seekins, in which the court held, "We have long held that § 922(g) can be constitutionally applied where the 'in or affecting commerce' element is proved by showing the firearm had previously traveled across state lines without regard to the

5

defendant's conduct." No. 21-10556, 2022 WL 3644185, at *2 (5th Cir. Aug. 24, 2022). The Fifth Circuit further explained, "There is no additional requirement that, to apply the law constitutionally, the government must prove some economic activity beyond the interstate movement of the weapon." Id. The Seekins decision remains binding precedent.

## CONCLUSION

Because there is a sufficient historical analogue and Frazier's Commerce Clause argument is foreclosed by binding precedent, Frazier's Motion to Dismiss the Indictment. (Record Document 35) is **DENIED**.

An order consistent with the terms of this ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 12th of December, 2024.

_____
United States District Judge